IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEVIN WALSH,

    Petitioner,
v.                                      CASE NO. 4:17-cv-324-WS-GRJ

U.S. MARSHALS SERVICE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on ECF No. 1, Plaintiff's handwritten "Motion Requesting Writ of Mandamus." Plaintiff has neither paid the $400.00 civil case filing fee nor filed a motion for leave to proceed as a pauper. Because it is clear that this case is due to be dismissed, the Court will not required Plaintiff to correct these deficiencies.

    A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the

facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937*).*

Plaintiff is currently confined at Taylor Correctional Institution serving a 30-year sentence imposed in Leon County in 2006 for arson. Plaintiff seeks a writ of mandamus to compel the United States Marshals Service to comply with Plaintiff's Freedom of Information Act requests seeking copies of the "Miranda warning form" used by the Marshals. Plaintiff alleges that the forms are needed in connection with "an ongoing case" in order to develop an issue raised in the case. Plaintiff does not identify the underlying case.

Under 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Relief under 28 U.S.C. § 1361 is a drastic one and is reserved for extraordinary and clearly compelling situations. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Lovallo v. Froehike*, 346 F. Supp. 1037, 1040 (W.D.N.Y. 1972), *aff'd*, 468 F.2d 340, *cert denied*, 411 U.S. 918.

The Supreme Court "has recognized that the writ of mandamus 'has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Daiflon*, 449 U.S. at 34 (first quoting *Will v. United States*, 389 U.S. 90, 95 (1967); then quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)).  For a court to issue a writ of mandamus, the party seeking the writ must "have no other adequate means to attain the relief he desires" and "satisfy the 'burden of showing that [his] right to issuance of the writ is "clear and indisputable."'" *Id.* at 35–36 (first quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953); then quoting *United States v. Duell*, 172 U.S. 576, 582 (1899)).

Plaintiff has failed to make the necessary showing.  Specifically, Plaintiff has failed to show that he has no other adequate means to obtain

the information he seeks.  To the extent that the form Plaintiff requested is relevant to another case, Plaintiff's remedy is to seek production of the information by way of a discovery request in that case.  If the case at issue is Plaintiff's state criminal case for which he is presently incarcerated, Plaintiff may be able to obtain the necessary case records by contacting his counsel in that case.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion requesting a writ of mandamus be **DENIED** and this case closed.

**DONE AND ORDERED** this 20th day of July 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge